UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

TOMMIE LEE, JR.,

    Defendant.
_____/

Civil Action No.
18-cr-20256

HON. MARK A. GOLDSMITH

**OPINION & ORDER**
**DENYING DEFENDANT'S MOTION TO WITHDRAW PLEA OF GUILTY (Dkt. 217)**

Defendant Tommie Lee, Jr. was indicted on one count of conspiracy to possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), 846. 2d Superseding Indictment (Dkt. 178). Lee entered into a Rule 11 plea agreement with the Government, agreeing to enter into a plea of guilty as to the conspiracy charge. Plea Agreement (Dkt. 181). Pursuant to this agreement, Lee pled guilty on January 31, 2020. Sentencing was delayed due to the COVID-19 pandemic. Now, over a year after pleading guilty, Lee has filed a motion to withdraw his guilty plea, arguing that (i) he was under the influence of narcotics at the time that he pled guilty, (ii) he is actually innocent, and (iii) he seeks to preserve appellate review of the Court's denial of his motion to suppress evidence (Dkt. 217). The Government opposes this motion (Dkt. 221). For the reasons that follow, Lee's motion is denied.

**I. LEGAL STANDARD**

Federal Rule of Criminal Procedure 11(d)(2)(B) governs the withdrawal inquiry here. Pursuant to that rule, a defendant "may withdraw a plea of guilty" if "[t]he defendant can show a

fair and just reason for requesting the withdrawal." Fed. R. Civ. P. 11(d)(2). To determine whether the defendant has demonstrated such reasons, courts consider a non-exclusive list of factors:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

United States v. Haygood, 549 F.3d 1049, 1052 (6th Cir. 2008) (citation omitted). No one factor controls, United States v. Bazzi, 94 F.3d 1025, 1027 (6th Cir. 1996), and the relevance of each factor will vary according to the "circumstances surrounding the original entrance of the plea as well as the motion to withdraw," United States v. Triplett, 828 F.2d 1195, 1197 (6th Cir. 1987).

Plea withdrawals should generally not be allowed where a defendant has made "a tactical decision to enter a plea, wait[ed] several weeks, and then . . . believes he made a bad choice in pleading guilty." United States v. Alexander, 948 F.2d 1002, 1004 (6th Cir. 1991) (punctuation modified). Rather, Rule 11(d)(2)(B) is designed "to allow a hastily entered plea made with unsure heart and confused mind to be undone . . . ." Id. The defendant bears the burden of demonstrating a fair and just reason for withdrawal. United States v. Dixon, 479 F.3d 431, 436 (6th Cir. 2007). The ultimate decision to permit a defendant to withdraw a guilty plea prior to sentencing is a "matter within the broad discretion of the district court. United States v. Valdez, 362 F.3d 903, 912 (6th Cir. 2004).

## II. ANALYSIS

Regarding the first factor, the Sixth Circuit has consistently held that lengthy delays weigh heavily against the defendant. Haygood, 549 F.3d at 1053. Here, Lee attempts to withdraw his guilty plea approximately 16 months after pleading guilty. The Sixth Circuit has found

substantially shorter lengths of time to be too "lengthy" to justify the withdrawal of a plea agreement. Id. (four-and-a-half-month delay); United States v. Cinnamon, 112 F. App'x 415, 418–419 (6th Cir.2004) (90-day delay); United States v. Baez, 87 F.3d 805, 808 (6th Cir. 1996) (67-day delay); United States v. Goldberg, 862 F.2d 101, 104 (6th Cir. 1988) (55-day delay).  Thus, the sixteen-month delay here weighs against granting Lee's motion.

The Court's analysis of the second factor is informed by its conclusion on the first factor: "a defendant's reasons for filing such a motion will be more closely scrutinized when he has delayed his motion for a substantial length of time." Baez, 87 F.3d at 808. Lee proffers three reasons for his failure to file the present motion. His first reason is that he was unable to appreciate the nature and consequences of his plea for a long time because he was under the influence of narcotic drugs. See Mot. at 2. This claim is baseless. Lee offers no proof for his claim that he was under the influence of narcotics when he entered the plea agreement, pled guilty, and for sixteen months thereafter. He does not even specify the drugs that he allegedly used nor how they affected his cognitive abilities. Further, the record contains evidence suggesting that Lee was not under the influence of narcotics. Notably, Lee's presentence report reflects that he tested negative for any controlled substances on February 21, 2020, just three weeks post-plea. Presentence Report (PSR) ¶ 77 (Dkt. 215). Lee also told the probation officer that his cocaine use was "minimal" over a 29-year period and denied any recent use of the drug. Id. ¶ 79. In addition, during his plea colloquy with the Court on January 31, 2020, Lee testified, under oath, that he was not under the influence of drugs, alcohol, or medication. Guilty Plea Transcript at 6 (Dkt. 220). He likewise testified that he had never been treated for addiction to any of those items. Id. And according to the Government, Lee's pretrial services officer has advised that a six-panel drug screen—which tests for marijuana, amphetamines, benzodiazepines, cocaine, fentanyl and

opiates—was administered to Lee on December 30, 2019 and Lee tested positive for marijuana only. Resp. at 8–9. This officer further advised that on January 30, 2020, February 20, 2020 and February 27, 2020, Lee tested negative for all six panels. Id. at 9.

Lee's second reason is his desire to preserve on appeal the Court's denial of his motion to suppress. This claim also lacks merit. Lee says nothing to indicate that he was previously unaware that the ruling could be challenged on appeal. Nor does he say why he did not attempt to enter a conditional plea, which would have reserved his right to seek appellate review. Further, Lee does not explain why he did not raise the issue of his desire to seek appellate review of the denial of his motion to suppress until 16 months after he pleaded guilty.

The Government points out that the Sixth Circuit has upheld the denial of a motion to withdraw a guilty plea based on the desire to file a motion to suppress. Resp. at 10 (citing United States v. Hughes, 392 F. App'x 382, 386 (6th Cir. 2010)). Specifically, the Government argues:

> The [Hughes] court held that Hughes' change of heart was not the product of a hasty plea made with unsure heart or confused mind. Rather, it suggested a desire to take back a tactical decision to forgo the opportunity to litigate the validity of a search. The same is true here.

Id. (citation omitted). The Court agrees. The Hughes court determined that the defendant's desire to withdraw his guilty plea was "not the product of a hastily entered plea made with an unsure heart or confused mind" because, during the defendant's guilty plea, the district court specifically advised the defendant that he would be giving up the right to challenge the search, and the defendant indicated that he understood this. Hughes, 392 F. App'x at 387. During Lee's plea hearing, the Court specifically advised Lee that he would be giving up his right to appeal his conviction on any grounds, and Lee indicated that he understood this. Guilty Plea Transcript at 20. In light of this, Lee's request to change his plea based on his desire to preserve on appeal the Court's denial of his motion to suppress is not the product of a plea entered into with "confused

4

mind." Rather, it reflects a desire to take back a tactical decision to forego the opportunity to litigate certain issues on appeal.

Lee's third reason is an assertion of actual innocence, which dovetails with the third factor (whether Lee has asserted or maintained his innocence). As the Sixth Circuit recognized in Baez, the absence of a defendant's vigorous and repeated protestations of innocence can support the denial of a motion to withdraw a guilty plea. 87 F.3d at 809. At minimum, a defendant should not be permitted to withdraw his guilty plea where he admitted his guilt at a plea hearing, did not assert his innocence until much later, and there is no evidence of unusual circumstances underlying the plea, such as the defendant's naivete with respect to the criminal justice system. Id.; see also United States v. Gregory, 41 F. App'x 785, 792 (6th Cir. 2002) ("[B]elated claims of innocence without more are simply insufficient to justify withdrawal of a guilty plea.").

Here, the Rule 11 agreement sets forth the detailed factual basis of Lee's involvement in the offense. See Plea Agreement at 2–4. During his plea hearing, Lee confirmed that he had read the factual basis section of the agreement. Guilty Plea Transcript at 11–12. When asked whether all of the facts set forth in that section were true, Lee expressed some uncertainty as to the exact quantity of drugs involved in the offense, as well as the name of one of his codefendants, Nicolas Medina-Liborio. See id. at 12–13. Lee's counsel clarified that although Lee did not know the exact name of this codefendant, Lee admitted that he knew he was to meet a man of Mexican heritage, and this man turned out to be Medina-Liborio. Id. at 13. The Court permitted counsel to engage in an on-the-record colloquy to establish Lee's acknowledgement of the veracity of the factual basis. Id. at 13-16. After this colloquy, Lee admitted, in no uncertain terms, that he was pleading guilty because he believed that he was guilty. Id. at 24. Since the guilty plea hearing, Lee has not asserted his innocence until he filed the instant motion. Given Lee's familiarity with

5

the criminal justice system, as discussed further below, there are no apparent unusual circumstances underlying his plea. For these reasons, Lee's present assertion of actual innocence does not weigh in favor of permitting him to withdraw his guilty plea.[1]

In connection with the fourth factor—the circumstances underlying a plea—the Sixth Circuit has found the following circumstances to be significant in rejecting a defendant's motion to withdraw a plea: (i) the district court properly advised the defendant of his constitutional rights at the plea hearing; (ii) the defendant clearly articulated that he was entering the guilty plea knowingly and voluntarily; (iii) the defendant indicated that he benefitted from the assistance of competent counsel and affirmed that he was satisfied with his lawyer's representation; and (iv) the record indicates that the defendant understood what he was doing and the constitutional rights he was waiving when he entered the guilty plea. United States v. Ellis, 470 F.3d 275, 285 (6th Cir. 2006). All of these circumstances were present here. See Guilty Plea Transcript at 6–11, 24. As a result, the fourth factor weighs against Lee.

The fifth factor—the defendant's nature and background—calls for consideration of the defendant's level of education and whether the record reflects that the defendant knew what he was doing when he entered the guilty plea. See Ellis, 470 F.3d at 285. Lee is a reasonably educated individual. He attended a private school as a child, attended public high school, and later earned

---

[1] The Court briefly address two arguments that Lee raises in connection with his claim of actual innocence. First, Lee argues that he has never admitted guilt to his attorneys. However, as the Government argues, "[a] defendant's choice not to admit guilt to his attorney may be based on numerous considerations that have nothing to do with actual innocence." Resp. at 11. Moreover, to the extent Lee makes this argument to show that he has always privately maintained his actual innocence, this argument directly cuts against finding that Lee's excessive delay in filing the instant motion was justified. Second, Lee argues that he is willing to submit to a polygraph examination. However, his willingness has little probative value, because the results would have little probative value. See United States v. Scarborough, 43 F.3d 1021, 1026 (6th Cir. 1994) (holding that polygraph results are inadmissible because they are inherently unreliable).

his GED. PSR ¶¶ 85–86. Lee's intellect is reflected by his stated interest in further education. He advised his probation officer that he hopes to expand his interest in "corporate structures" and that he wishes to participate in business classes. Id. ¶ 87. Lee reported that he has no history of documented mental or emotional problems. Id. ¶ 73. There is no evidence that Lee was unable to understand the Rule 11 agreement or the plea proceedings. To the contrary, the transcript of the guilty plea proceeding confirms that Lee was not under the influence of drugs or alcohol during that proceeding, he understood the nature of the charges and the consequences of pleading guilty, and he read and understood the Rule 11 agreement. Guilty Plea Transcript at 6–11. The fifth factor, therefore, supports denying Lee's motion.

The sixth factor asks whether Lee has had prior experience with the criminal justice system. When a defendant is sufficiently familiar with the criminal justice system and plea process, the sixth factor weighs against him. United States v. Lewis, 800 F. App'x 353, 359–360 (6th Cir. 2020). Lee has an extensive criminal history. In 1982, Lee pled guilty to a weapons offense. PSR ¶ 49. In 1984, Lee pled guilty in a manslaughter case. Id. ¶ 50. In 2009, Lee pled guilty to another weapons offense. Id. ¶ 51. In 2012, Lee pled guilty to a controlled substance offense. Id. ¶ 52. Lee was also arrested and charged on five additional occasions, largely for traffic crimes that were ultimately dismissed. Id. ¶¶ 54–58. Through Lee's extensive criminal history, he undoubtedly gained familiarity with the criminal justice system and the plea process. Consequently, the sixth factor weighs against Lee.

The final factor directs the Court to consider any potential prejudice to the Government if the motion is granted. Here, the government has not set forth any arguments concerning prejudice because "the government is not required to establish prejudice that would result from a plea withdrawal, unless and until the defendant advances and establishes a fair and just reason for

allowing the withdrawal." United States v. Spencer, 836 F.2d 236, 240 (6th Cir. 1987). The Court finds that the Government needs not establish prejudice in this case because Lee has failed to establish a fair and just reason for withdrawing his guilty plea. See Ellis, 470 F.3d at 286.

### III. CONCLUSION

For the foregoing reasons, Lee's motion to withdraw his plea of guilty (Dkt. 217) is denied.

SO ORDERED.

Dated: June 25, 2021　　　　　　　　　　　　　s/Mark A. Goldsmith  
　Detroit, Michigan　　　　　　　　　　　　　MARK A. GOLDSMITH  
　　　　　　　　　　　　　　　　　　　　　United States District Judge